GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COLORART, LLC,<br><br>Debtor. | Case No.:25-16701-NMC<br><br>Chapter 11<br><br>Date: ***OST Requested***<br>Time: ***OST Requested*** |

**EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B)**

Debtors Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together with LVCG, the "Debtors") hereby respectfully submit this motion ("Motion") for entry of an order, substantially in the form attached hereto as **Exhibit "1"**, directing joint administration of the Chapter 11 cases of *In re Las Vegas Color Graphics, Inc.*, Case No. 25-16697 and *In re ColorArt, LLC*, Case No. 25-16701 (collectively, the "Chapter 11 Cases"), pursuant to Bankruptcy Rule[1] 1015(b) and Local Rule 1015(g). Debtors further request that the Court maintain one file and one docket for the Chapter 11 Cases under the lead case of *In re Las Vegas Color Graphics,*

---

[1] Unless otherwise stated, all references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. Bankruptcy Court for the District of Nevada.

*Inc.*, Case No. 25-16697 ("Lead Case"). A substantially similar motion has been filed in both of the Chapter 11 Cases.

This Motion is made and based upon the Memorandum of Points and Authorities herein; the *Omnibus Declaration of Eran Salu in Support of Chapter 11 Petitions and First Day Motions* (the "Omnibus Decl.") filed concurrently herewith; the papers and pleadings on file in the Chapter 11 Cases, judicial notice of which is hereby respectfully requested pursuant to FED. R. EVID. 201(b) and (c) and 1101(a) and (b); and the argument of counsel at hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**
**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1). This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O). Venue of the Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion is a "core proceeding" over which the Court has jurisdiction to render a decision.

2. Debtors continue to manage their property as debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108.

3. Pursuant to Local Rule 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested in the Motion are Bankruptcy Rule 1015(b), Local Rule 1015(g), and 11 U.S.C. § 105(a).

**II.**
**BACKGROUND**

5. On November 5, 2025, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 Cases. *See, e.g.*, ECF No. 1.

6. A detailed description surrounding the facts and circumstances of these Chapter 11

Cases is set forth in the Omnibus Decl.) filed nearly contemporaneously herewith and incorporated by herein by this reference.

### III.
### LEGAL ARGUMENT

Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of estates when two or more petitions are pending in the same court by a debtor and an affiliate. "The court may order joint administration of the estates in a joint case or in two or more cases pending in the court if they are brought by or against: . . . (D) a debtor and an affiliate." *See* Bankruptcy Rule 1015(b)(1)(D). Here, ColorArt is the sole shareholder of LVCG. *See* Omnibus Decl. ¶ 3. As such, Debtors are "affiliates" as that term is defined in Section 101(2)(B) of the Bankruptcy Code. Joint administration of the Debtors' Chapter 11 Cases likewise accords with Local Rule 1015(b)(4) ("The debtor in the case is a general partner or majority shareholder of the debtor in the other case[]") and (b)(6) ("The debtors are affiliated as that term is defined under 11 U.S.C. §101(2)[]").

"Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) (citing *Unsec. Creditors Comm. v. Leavitt Structural Tubing Co.*, 55 B.R. 710, 711-12 (N.D. Ill. 1985), *aff'd,* 796 F.2d 477 (Tbl.) (7th Cir. 1986)). The efficiency and utility of permitting joint administration of related cases is widely recognized. *See, e.g.*, *In re Am. Wagering, Inc.*, 493 F.3d 1067, 1070 (9th Cir. 2007); *In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994) ("Joint administration is thus a procedural tool permitting use of a single docket for administrative matters, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other ministerial matters that may aid in expediting the cases[.]" (internal citation omitted)); *In re Geneva Steel, LLC*, 389 B.R. 231, 236 (Bankr. D. Utah 2008); *In re PL Liquidation Corp.*, 305 B.R. 629, 632 (Bankr. D. Del. 2004) ("Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in

expediting the cases and rendering the process less costly[.]" (internal citation omitted)). Although no prejudice will result from the joint administration of these Chapter 11 Cases, the Court "may issue orders to avoid unnecessary costs and delay while still protecting parties' rights under the [Bankruptcy] Code[,]" and thus a bankruptcy court can avoid any potential prejudice to creditors created by joint administration of affiliate cases by entering orders as may tend to avoid unnecessary costs and delay. *See* Bankruptcy Rule 1015(c).

The relief requested herein is also commonly granted in this District. *See In re NuMale Corp., et al.*, lead case No. 25-10341-nmc ECF No. 209 (Bankr. D. Nev. Apr. 28, 2025); *In re Silver State Broadcasting, LLC, et al.*, lead case No. 21-14978-abl, ECF No. 37 (Bankr. D. Nev. Nov. 19, 2021); *In re Alpha Guardian, Inc., et al.*, lead case No. 20-11016-mkn ECF No. 56 (Bankr. D. Nev. Mar. 3, 2020); *In re Jerry's Nugget, Inc., et al.*, lead case No. l2-19387-mkn ECF No. 48 (Bankr. D. Nev. Aug. 17, 2012); *In re 155 East Tropicana, LLC, et al.*, lead case No. 11-22216-bam ECF No. 56 (Bankr. D. Nev. Aug. 8, 2011); *In re Black Gaming, LLC, et al.*, lead case No. 10-13301-bam ECF No. 70 (Bankr. D. Nev. Mar. 5, 2010); *In re Zante, Inc., et al.*, lead case No. 09-50746-gwz ECF No. 34 (Bankr. D. Nev. Mar. 23, 2009). Joint administration of these Chapter 11 Cases will also provide significant administrative convenience. Specifically, the joint administration of these Chapter 11 Cases will benefit the Debtors' estates by obviating the necessity of filing duplicate motions and applications, entering duplicate orders, and preparing and providing duplicate notices to creditors and parties-in-interest; thus, permitting the joint administration of these Chapter 11 Cases avoids significant time and expenses.

The rights of the Debtors' respective creditors will not be adversely affected by joint administration of these Chapter 11 Cases because the relief sought herein is purely procedural and is not intended to affect substantive rights. Furthermore, it is likely that potential recoveries by creditors will be enhanced by the joint administration of these Chapter 11 Cases, as joint administration significantly reduces the administrative costs associated with administering these cases. Commensurately, Debtors will avoid unnecessary duplication and potentially duplicate expenses of serving documents that have been filed in both cases, on creditors, two separate times. Last, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United

States Trustee will be simplified as all the Chapter 11 Cases' filings will be made on one consolidated docket.

Joint administration of the Chapter 11 Cases is in the best interest of Debtors, their estates, all creditors, the Court, and all interested parties. Accordingly, Debtors request that the Court enter the order attached hereto as **Exhibit 1** to jointly administer the Chapter 11 Cases under the Lead Case, and maintain one file and one docket for the Chapter 11 Cases under the Lead Case.

## IV.
## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit 1** providing for the joint administration of Debtors' Chapter 11 Cases and gran Debtors such other and further relief as is just and proper.

DATED this 7th day of November, 2025.

GARMAN TURNER GORDON LLP

By: /s/ Teresa Pilatowicz
GREGORY E. GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
MARY LANGSNER, PH.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Counsel to the Debtors*