# EXHIBIT 2

# EXHIBIT 2

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.:25-16701-nmc |
| COLORART, LLC, | Chapter 11 |
| Debtor. | Final Hearing<br>Date:<br>Time: |

**FINAL ORDER (I) APPROVING THE PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS, (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY PROVIDERS, AND (III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES**

The Debtors in each of their Chapter 11 Cases submitted an *Emergency Motion for Entry of Interim and Final Orders: (I) Approving the Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Resolving Objections By Utility Providers, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services*

[in this case, ECF No. ____ ] ("Motion") on November ___, 2025.[1]

The Motion, having previously come on for initial hearing on November ___, 2025, at ____ __.m. ("Initial Hearing"), was granted on an interim basis pursuant to this Court's *Interim Order: (I) Approving the Proposed Form of Adequate Assurance of Payment to Utility Providers, (II) Establishing Procedures for Resolving Objections By Utility Providers, and (III) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services* [ECF No. ___] (the "Interim Order").

The Motion then came on for final hearing before this Court on _____, 202___, at ____ __.m. (the "Final Hearing"). All appearances were duly noted on the record at the Final Hearing.

The Court reviewed the Motion and all matters submitted therewith. The Court considered the argument of counsel made at the times of the Initial Hearing and the Final Hearing (collectively, the "Hearing") on this Motion and found that notice of the Motion was proper. The Court stated its findings of fact and conclusions of law on the record at the Hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Fed. R. Civ. P. 52, as made applicable by Fed. R. Bankr. P. 9014 and 7052. It appearing that the relief requested is necessary to preserve Debtors' ongoing operations and necessary to avoid immediate and irreparable harm, and the Court having found that said relief is in the best interests of the Debtors, their estates, and creditors, and in light of the circumstances and the emergency nature of the relief requested and after due deliberation, and good and sufficient cause appearing therefor:

**IT IS ORDERED** that the Motion is **GRANTED** in its entirety on a final basis as set forth herein.

**IT IS FURTHER ORDERED** that the relief authorized by the Interim Order is hereby ratified, and the terms of the Interim Order remain in force and effect and are authorized on a final basis.

---

[1] All undefined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

GARMAN TURNER GORDON
7251 Amigo Street, Ste. 210
Las Vegas, NV 89119
725-777-3000

2

**IT IS FURTHER ORDERED** that the Debtors have furnished Utility Providers with adequate assurance of payment within the meaning of Section 366 of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that, except in accordance with the Procedures ("Procedures") set forth herein *infra*, absent further order of the Court, the Utility Providers, including subsequently added Utility Providers, are prohibited from: (a) altering, refusing, or discontinuing service to, or discriminating against Debtors, solely on the basis of the commencement of the Chapter 11 Cases or on account of any unpaid invoice for services provided before the Petition Date; (b) requiring the payment of a deposit or other security in connection with the Utility Providers' continued provision of utility services, including the furnishing of gas, heat, electricity, water, or any other utility, to Debtors; or (c) discontinuing services to Debtors on account of prepetition amounts outstanding and/or on account of any perceived inadequacy of adequate assurance of future payment.

**IT IS FURTHER ORDERED** that the following Procedures (collectively, the "Procedures"), set forth in the Motion and through which Utility Providers may request additional or different adequate assurance of payment, are **APPROVED in their entirety:**

a. As to any Utility Provider not satisfied with the assurance of future payment provided by the Debtors, the Utility Provider shall serve a written request setting forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, and a summary of Debtors' payment history for the eighteen (18) months prior to the Petition Date in each account (altogether, a "Request").

b. The Request shall be served simultaneously upon the Debtors and Debtors' general bankruptcy counsel Garman Turner Gordon LLP so that the Request is actually received on or before the thirtieth (30th) calendar day following the date of entry of this Final Order (the "Request Deadline").

c. Without further order of the Court, Debtors is hereby authorized and empowered to enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request if the Debtors, in either of their sole discretion, determines that the Request is reasonable, or if the parties negotiate and agree to alternate consensual provisions.

d.  In the event either of the Debtors in their sole and absolute discretion finds a Request to be unreasonable, the Debtors shall file a motion pursuant to Section 366(c) (a "<u>Determination Motion</u>") on or before the thirtieth (30th) calendar day following the Request Deadline.[2] The Determination Motion shall seek a determination from this Court that the continued payments constitute adequate assurance of payment. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of a Determination Motion may not alter, refuse, or discontinue services to either of the Debtors, or recover or set off against any prepetition deposit of either of the Debtors.

e.  Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that Debtors' ability to make post-petition payments provides adequate assurance of payment to such Utility Provider within the meaning of Section 366, and such Utility Provider shall further be deemed to have waived any right to seek additional adequate assurance during the course of the Chapter 11 Cases.

**IT IS FURTHER ORDERED** that, to the extent either of the Debtors subsequently identify additional providers of utilities, Debtors are hereby authorized, in their sole discretion, to amend the Utility Service List to add or remove any Utility Provider. For any Utility Provider subsequently added to the Utility Service List, Debtors shall serve a copy of this Motion, along with the applicable portion of the amended Utility Service List, the Interim Order, and this Final Order, along with any other order entered in connection with the Motion, on that Utility Provider (the "<u>Additional Service</u>"). To the extent any subsequently added Utility Provider is not satisfied with the assurance of future payment provided by the Debtors, the subsequently added Utility Provider shall file a Request, in conformity with the Procedures set forth herein on or before the thirtieth (30th) calendar day of Debtors effecting the Additional Service. Immediately upon Debtors' effectuation of the Additional Service, any subsequently added Utility Provider shall be subject to the Procedures.

---

[2] The calculation of the deadline for the Debtor to file a Determination Motion shall be determined in accord with Bankruptcy Rule 9006.

1   **IT IS FURTHER ORDERED** that the fourteen (14) day stay applicable by operation of Bankruptcy Rule 6004(h) or otherwise is hereby **WAIVED**, and this Order shall be effective immediately upon entry.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order including the enforcement and implementation of the terms hereof.

**IT IS SO ORDERED**.

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: /s/
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, PH.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Debtors*

**LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objection to the form or content of the order.

###