GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>COLORART, LLC,<br><br>Debtor. | Case No.: 25-16701-nmc<br><br>Chapter 11<br><br>Date:   N/A<br>Time:   N/A |

### EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR FIRST DAY MOTIONS

Debtors Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt"; together with LVCG, the "Debtors"), by and through their proposed counsel, the law firm of Garman Turner Gordon LLP, hereby respectfully submit their *ex parte* application (the "Application") seeking entry of an order shortening time, substantially in the form attached hereto as **Exhibit 1**, to hear the following motions (collectively, the "First Day Motions"), which were filed by the Debtors on November 7, 2025:

- Emergency Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Fed. R. Bankr. P. 1015(b) (the "Joint Administration Motion");

- Debtors' Emergency Motion for Entry of Interim and Final Orders Determining Extent of Cash Collateral and Authorizing the Use of Cash Collateral Pursuant to 11 U.S.C. §§ 105, 361, 363, and 506, and Fed. R. Bankr. P. 4001(b), and Setting a Final Hearing  (the "Cash Collateral Motion");

- Emergency Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance Has Been Provided to the Utility Companies (the "Utilities Motion");

- Debtors' Emergency Motion for Order: (I) Authorizing Debtor to Pay Wages, Salaries, Benefits, and Other Employee Obligations; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations (the "Wage Motion", and together with the Joint Administration Motion, Cash Collateral Motion, and Utilities Motion, the "First Day Motions").

Debtors respectfully request that the First Day Motions be heard on shortened time at the Court's earliest convenience. Debtors anticipate that the hearing on the First Day Motions will last approximately one hour.

This Application for order shortening time to hear the Motions is made and based upon Bankruptcy Rule 9006, the declaration of Teresa M. Pilatowicz, Esq. (the "Pilatowicz Declaration") and points and authorities set forth below, the Attorney Information Sheet filed contemporaneously herewith, and the papers and pleadings on file herein, judicial notice of which is respectfully requested.

**DECLARATION OF TERESA M. PILATOWICZ, ESQ.**

I, Teresa M. Pilatowicz, Esq., hereby declare under penalty of perjury under the laws of the United States of America and the State of Nevada as follows:

1. I am over the age of 18 and am mentally competent.

2. I am a partner in the law firm of Garman Turner Gordon LLP, proposed counsel for the Debtors in the above-captioned Chapter 11 Cases. As such, I have personal knowledge of the facts stated in this Declaration, except where stated upon information and belief, and as to facts stated upon information and belief, I am informed of those facts and believe them to be true. If called upon to testify as to the matters herein, I could and would do so.

3. Debtors are requesting that the First Day Motions be heard on shortened time and on an emergency basis as necessary to avoid substantial unnecessary costs to the estates, to allow for an organized transition to Chapter 11 and continued operations, and to avoid immediate and irreparable harm. The First Day Motions request emergency relief typical of the relief chapter 11 debtors like the Debtors require at the outset of a Chapter 11 case, including, but not limited to the

following: (a) the joint administration of affiliated debtors, (b) interim and final orders authorizing use of the cash collateral under Section 364 of the Bankruptcy Code, (c) a determination that adequate assurance has been provided to utilities, and (d) for wages to be paid to employees.

4. The relief requested in the First Day Motions is necessary to streamline the Chapter 11 Cases and prevent disruptions to the Debtors' operations, thereby preserving the value of the Debtors' estates.

5. GTG has contacted the parties that have appeared in this matter, or otherwise known to have retained counsel. As set forth in the AIS, filed herewith, William Dorsey of Blank Rome, counsel for Lender, has consented to the OST so long as the hearing is not held on Monday, November 10, 2025. The US Trustee has indicated that he is not taking a position.

6. Thus, good cause exists to hear the First Day Motions on shortened time.

DATED this 7th day of November, 2025

By: /s/ *Teresa Pilatowicz*
TERESA M. PILATOWICZ, ESQ.

## I.
## LEGAL ARGUMENT

Section 105 allows this Court to issue such orders as are necessary to carry out the provisions of the Bankruptcy Code. See 11 U.S.C. § 105(a). Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. Specifically, Bankruptcy Rule 9006(c)(1) provides as follows:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

Under Local Rule 9006(b), every motion for an order shortening time must be accompanied by an affidavit stating the reasons for an expedited hearing. As set forth in the Pilatowicz

Declaration, good cause exists to hear the Motions on shortened time as soon as the Court's calendar permits. Debtors have contacted counsel for their secured lender, who has consented to the OST. Debtors have also contacted the US Trustee, who has indicated that he is not taking a position on the request.

Local Rule 9006 also requires the moving party to submit an Attorney Information Sheet indicating whether opposing counsel was provided with notice, whether opposing counsel consented to the hearing on an order shortening time, the date counsel was provided with notice, and how notice was provided or attempted to be provided. An Attorney Information Sheet has been filed contemporaneously with this Application.

## II.
## CONCLUSION

WHEREFORE, Debtors respectfully request that the Court grant this Application and issue an order shortening time to hear the First Day Motions at the Court's earliest convenience, and for such other and further relief as the Court deems just and proper.

DATED this 7th day of November, 2025

GARMAN TURNER GORDON LLP

By: /s/ Teresa Pilatowicz
GREGORY E. GARMAN, ESQ.
TERESA M. PILATOWICZ, ESQ.
MARY LANGSNER, PH.D.
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
[Proposed] *Attorneys for Debtors*