Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

 and

Kenneth J. Ottaviano (*pro hac vice* forthcoming)
William J. Dorsey (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2514
ken.ottaviano@blankrome.com
william.dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel for Aequum Capital Financial II LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COLORART, LLC<br><br>Debtor. | Case No.: 25-16701-NMC<br>Chapter 11<br><br>Date:  **OST REQUESTED**<br>Time:  **OST REQUESTED** |

**AEQUUM CAPITAL FINANCIAL II LLC'S MOTION FOR**
**<u>ORDER DIRECTING EXPEDITED DISCOVERY</u>**

Aequum Capital Financial II LLC ("**Lender**"), by and through its undersigned counsel, hereby submits this motion for entry of an order expediting discovery in connection with the first day motions of Las Vegas Color Graphics, Inc., the debtor in Case No. 25-16697-NMC, and ColorArt, LLC, the debtor in Case No. 25-16702-NMC (together, the "**Debtors**"), including *Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 363, and 506, and Fed. R. Bankr. P. 4001(b) for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and*

1

*Scheduling a Final Hearing* (the "**Cash Collateral Motion**"),[1] and *Aequum Capital Financial II LLC's Motion to Prohibit Use of Cash Collateral* (the "**Motion to Prohibit Use of Cash Collateral**").[2] Lender requests that the Court shorten the time for the Debtors to respond to pending discovery requests, attached hereto as **Exhibit 1**, from December 8, 2025, to November 11, 2025, and direct the Debtors to produce Eran Salu for deposition on November 11, 2025.

This Motion is made and based on points and authorities herein, the *Declaration of Samuel A. Schwartz, Esq.* (the "**Schwartz Decl.**") in support of this Motion, the Court's record, judicial notice of which is respectfully requested, and any arguments of counsel made at the time of any hearing on this matter.

# I.
# JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2. Venue of the Motion in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Section 105 of the Bankruptcy Code,[3] Bankruptcy Rules 1001 and 9006, and Federal Rule 34, made applicable by Bankruptcy Rules 7034 and 9014(c).

4. Lender consents to the entry of final orders and judgments before the Bankruptcy Court in accordance with Local Rule 9014.2.

# II.
# RELEVANT FACTS

5. Each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 5, 2025 (the "**Petition Date**"), thereby commencing Case Nos.

---

[1] Case No. 25-16697-NMC, ECF No. 10; Case No. 25-16701-NMC, ECF No. 12.

[2] Case No. 25-16697-NMC, ECF No. 15; Case No. 25-16701-NMC, ECF No. 10.

[3] Unless otherwise indicated, all chapter and section references are to the Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"). All references to a "**Chapter**" or "**Section**" shall be to the Bankruptcy Code. "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure Rules 1001-9037. "**Federal Rule**" refers to the Federal Rules of Civil Procedure. "**Local Rule**" or "**LR**" references are to the Local Rules of Bankruptcy Practice United States Bankruptcy Court District of Nevada.

2

25-16697-NMC and 25-16702-NMC (the "**Chapter 11 Cases**").

6. Lender is the senior secured lender to Debtors and is currently owed in excess of $26 million on a defaulted loan. As set forth in the Motion to Prohibit Use of Cash Collateral, prior to the Petition Date, Lender learned that Debtor had engaged in a scheme to vastly overstate the value of the collateral for the loan, locked Lender out of any ability to independently verify the value and extent of its collateral, and admitted that the Debtors, under Eran Salu's direction, diverted at least $5.2 million of Cash Collateral. Lender contends that, despite a Missouri court granting the appointment of a receiver of and over Debtor and its assets, Mr. Salu continues to systematically divert Debtors' cash and receivables.

7. On November 7, 2025, the Debtors filed the Cash Collateral Motion along with first day motions seeking authority to use the Cash Collateral, including the *Emergency Application Motion for Entry of an Order: (I) Authorizing Payment of Employee Compensation; and (II) Authorizing and Directing Financial Institutions to Honor and Process Checks and Transfers Related to Such Obligations*[4] and the *Emergency Motion Pursuant to 11 U.S.C. §§ 105(a) and 366 for an Order Determining that Adequate Assurance Has Been Provided to the Utility Companies*[5] (collectively, the "**First Day Motions**").

8. The Debtors seek emergency relief on the First Day Motions, including the Cash Collateral Motion. *See* Case No. 25-16697-NMC, ECF No. 13.

9. To avoid delay, on November 7, 2025, Lender served the request for the production of documents (the "**Document Requests**") and the notice of deposition of Eran Salu (the "**Salu Deposition Notice**"), attached to the Schwartz Declaration as **Exhibits 1** and **2**, respectively. *See* Schwartz Decl., ¶ 4. In anticipation of a first day hearing taking place on November 12, 13, or 14, the Document Requests seek the production of documents by November 11, 2025, and the Salu Deposition Notice provides notice of the deposition of Eran Salu to take place on November 11, 2025, at 1:00 p.m.

---

[4] Case No. 25-16697-NMC, ECF No. 11; Case No. 25-16701-NMC, ECF No. 14.
[5] Case No. 25-16697-NMC, ECF No. 12; Case No. 25-16701-NMC, ECF No. 13.

10. In correspondence to Lender's counsel at 4:51 p.m. on November 7, 2025, Debtors' counsel, Teresa Pilatowicz, Esq., noted the Debtors' discovery objections and that neither she nor Mr. Salu are available for a deposition in Missouri on Tuesday, November 11, 2025. Debtors' counsel did not offer alternative dates. Schwartz Decl., ¶ 5.

11. As the Court is likely to hold an interim hearing on the first day motions in a matter of days, propounding discovery under the Part VII rules pursuant to Local Rule 9014(c) on ordinary time prescribed by Federal Rule 34(b)(2) is not feasible. Specifically, unless a shorter time is ordered by the Court, the Debtors' deadline to respond to the Document Requests under Federal Rule 34(b)(2), made applicable by Bankruptcy Rules 7034 and 9014(c), is December 7, 2025—long after any hearing on shortened time and Lender's deadline to object to the relief requested.

### III.
### LEGAL ARGUMENT

**A.     Good Cause Exists to Shorten the Deadlines for the Debtor to Respond to the Discovery.**

12. There is ample cause for the relief requested. The Lender has timely sought discovery on the Debtors' First Day Motions and has used its best efforts to expedite and streamline discovery. The nine (9) document requests are narrowly tailored to seek documents relevant to the relief requested in the Debtors' Cash Collateral Motion and other first day motions, including Lender's interest in the Cash Collateral, the location of the funds, the Debtors' intended use of the Cash Collateral, and the Debtors' ability to provide adequate protection. *See* Ex. 1, pgs. 6-7.

13. In short, the Document Requests seek nothing more than documents relevant to the requested relief so that the Lender can timely respond, and evidence the Debtors should be presenting to the Court in connection with both the interim and final approval of the First Day Motions.

14. The Court has ample express and inherent authority to modify the discovery deadlines. Federal Rule 34 expressly provides that a court may extend or reduce the time for a party to respond to discovery. Federal Rule 34 provides that a party must respond to a document

request in writing within 30 days of service of the request, but "[a] shorter or longer time may be stipulated to under Rule 29 or ordered by the court." FED.R.CIV.P. 34(b)(2)(A). The decision to extend or shorten time is within the court's discretion. *See Soler v. G & U, Inc.*, 86 F.R.D. 524, 531 (S.D.N.Y. 1980)

15. Express authority is also found in Section 105(d), which grants bankruptcy courts the authority to "issue an order . . . prescribing such limitations and conditions and the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2); *see also Munford v. Munford (in Re Munford, Inc.)*, 97 F.3d 449, 455 (11th Cir. 1996) (finding "ample authority" under Section 105(a) and FRCP 16 for entry of a bar order); *In re Sosa*, 443 B.R. 263, 267 (Bankr. D.R.I. 2011) (finding "ample authority and precedent for the Court to regulate the administration of cases pending before it," including under Bankruptcy Rules 7016 and 9014 and Section 105(d), to refer case to loss mitigation program); *In re DSC, Ltd.*, 325 B.R. 741, 744, n.6 (Bankr. E.D. Mich. 2005), *aff'd sub nom. In re DSC, Ltd.*, 486 F.3d 940 (6th Cir. 2007) (authority to set earlier pretrial deadlines is within the court's normal case management authority under Rule 16 and Section 105(a) and (d)); *Sec. Res., L.L.C. v. Watson (In re Watson)*, Nos. 03-13355, 04-1005, 2004 Bankr. LEXIS 2314, at *4 (Bankr. M.D. La. 2004) (Section 105(d) "allows a bankruptcy court to render orders 'prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically' as long as the orders are not inconsistent with other provisions of title 11 or the Bankruptcy Rules.").

16. Express authority for enlarging or reducing time also arises under Bankruptcy Rule 9006, which grants the Court discretion to reduce or enlarge the time for a party to act "for cause shown." FED.R.BANKR.P. 9006(b) (enlargement) and 9006(c) (reduction). More broadly, this Court has broad discretion in supervising the discovery process and managing its docket to facilitate the "just, speedy, and inexpensive determination of every case and proceeding." FED.R.BANKR.P. 1001; *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015) ("[t]he district court is given broad discretion in supervising the pretrial phase of litigation") (citing *Continental Lab. v. Medax Intern., Inc.*, 195 F.R.D. 675, 677 (S.D. Cal. 2000) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir.1985))).

# IV.
# CONCLUSION

17. For cause shown, Lender requests that the Court enter an order directing the Debtors to serve their responses to the Document Requests and produce responsive documents by no later than November 11, 2025, and produce Mr. Salu for deposition on November 11, 2025.

Dated: November 7, 2025.

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz. Esq.
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 E. Bridger Avenue
Las Vegas, Nevada 89101
Telephone 702-385-5544
Facsimile (702) 442-9887

and

Kenneth J. Ottaviano (*pro hac vice* forthcoming)
William J. Dorsey (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2514
ken.ottaviano@blankrome.com
william.dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel for Aequum Capital Financial II LLC*