Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

  and

Kenneth J. Ottaviano (*pro hac vice* forthcoming)
William J. Dorsey (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
BLANK ROME LLP
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2514
ken.ottaviano@blankrome.com
william.dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel for Aequum Capital Financial II LLC*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COLORART, LLC,<br><br>Debtor. | Case No.: 25-16701-NMC<br>Chapter 11<br><br>Date:  **OST REQUESTED**<br>Time:  **OST REQUESTED** |

**DECLARATION OF SAMUEL A. SCHWARTZ, ESQ. IN SUPPORT OF**
**AEQUUM CAPITAL FINANCIAL II LLC'S MOTION FOR**
<u>**ORDER DIRECTING EXPEDITED DISCOVERY**</u>

I, Samuel A. Schwartz, Esq., being duly sworn, deposes and says:

1.  I, Samuel A. Schwartz, Esq., am an attorney at law and the principal of Schwartz Law, PLLC ("**SL**"), located at 601 East Bridger Avenue, Las Vegas, Nevada 89101.

2.  I am over the age of 18, and I am mentally competent. Unless otherwise indicated or expressed, I have personal knowledge of the facts set forth in this declaration (the

"**Declaration**"). To the extent any facts set forth herein are stated upon my information and belief, I believe such facts to be true and correct. If called upon to testify as to the matters set forth in this Declaration, I could and would do so.

3. SL is counsel to Aequum Capital Financial II LLC, a secured lender in the above-captioned Chapter 11 Case. I submit this Declaration in support of *Aequum Capital Financial II LLC's Motion for Order Directing Expedited Discovery* (the "**Motion**").

4. To avoid delay of the discovery process, on November 7, 2025, I served the request for the production of documents (the "**Document Requests**"), attached hereto as **Exhibit 1**, and the notice of deposition of Eran Salu (the "**Salu Deposition Notice**"), attached hereto as **Exhibit 2**, upon counsel for the Debtors via email. In anticipation of an interim hearing taking place on November 12, 13, or 14, the Document Requests seek the production of documents by November 11, 2025, and the Salu Deposition Notice provides notice of the deposition of Eran Salu to take place on November 11, 2025, at 1:00 p.m.

5. Debtors' counsel, Teresa Pilatowicz, Esq., replied at 4:51 p.m. on the same day. Ms. Pilatowicz stated that "Debtors object to the requests and deposition notice given the short notice and that the production deadline and appearance date fall on a federal holiday" and that neither her nor Mr. Salu are available for a deposition in Missouri on Tuesday, November 11, 2025. Debtors' counsel did not offer alternative dates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct

Dated: November 7, 2025.

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.

# EXHIBIT 1

# EXHIBIT 1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEVADA

**(Las Vegas Division)**

| | |
|---|---|
| In re:<br><br>COLORART LLC<br><br>      Debtor. | Chapter 11<br><br>Case No. 25-16701 |
| In re:<br><br>LAS VEGAS COLOR GRAPHICS, INC.<br><br>      Debtor. | Chapter 11<br><br>Case No. 25-16697-nmc |

**AEQUUM CAPITAL FINANCIAL II, LLC'S**
**PRODUCTION OF DOCUMENTS DIRECTED TO THE DEBTORS**

Aequum Capital Financial II, LLC ("Aequum"), propounds the following Requests for Production of Documents (the "Requests") upon the above-captioned debtors ("Debtors") pursuant to Federal Rule of Civil Procedure 34, as made applicable to this Contested Matter pursuant to Federal Rule of Bankruptcy Procedure 9014, and Local Rule 7034, and requests that Debtors serve a written response and produce documents responsive to the Requests so as to be completed by no later than **November 11, 2025 at 2:00 p.m. PST**, by electronic means to undersigned counsel for Aequum.

## DEFINITIONS

Notwithstanding any definition below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

-1-

1. "Affiliate" shall have the same definition as set forth under section 101(2) of the Bankruptcy Code.

2. "Communication" shall mean and refer to any oral, written, or electronic transmittal of information or request for information made from one person to another person, whether made in person, electronically, by telephone, or by any other means and includes any document(s) made for the purpose of recording a communication, a fact, an idea, a statement, an inquiry, an opinion, a belief, or otherwise.

3. "Credit Agreement" means that certain Credit and Security Agreement, dated as of June 6, 2024 (as may be amended, restated, supplemented or otherwise modified from time to time) by and between Aequum Capital Financial II, LLC, ColorArt, LLC and Las Vegas Color Graphics, Inc. Any capitalized terms not defined herein shall have the meaning set forth in the Credit Agreement.

4. "Document" and "Documents" are used herein in their customary broad sense allowed by Federal Rule of Civil Procedure 34(a) and Federal Rule of Evidence 1001, and include, without limitation, any kind of printed, recorded, written, graphic, or photographic matter (including tape recordings), however printed, produced, reproduced, coded, or stored, of any kind or description, whether sent or received or not, including originals, copies, drafts, and both sides thereof, and including papers, books, charts, graphs, photographs, drawings, correspondence, telegrams, cables, telex messages, memoranda, notes, notations, work papers, routing slips, intra- and inter-office communications, electronic mail, affidavits, statements, opinions, court pleadings, reports, indices, studies, analyses, forecasts, evaluations, contracts, computer printouts, data processing input and output, computer programs, microfilms, microfiche, all other records kept by

-3-

electronic, photographic, or mechanical means, and things similar to any of the foregoing, regardless of their author or origin, of any kind.

5. "Debtor" means the above-captioned debtor and debtor-in-possession, including their predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their present or former Officers, Directors, employees, agents, advisors, and attorneys that is answering these interrogatories; either ColorArt, LLC or Las Vegas Color Graphics, Inc.

6. "Debtors" shall mean the above-captioned debtors and debtors-in-possession, including their predecessors or successors, assigns, prior or current parents, partners, subsidiaries, affiliates or controlled companies, and each of their present or former Officers, Directors, employees, agents, advisors, and attorneys.

7. "ESI" means electronically stored information.

8. The terms "You", "Yours" or "Your" include the persons to whom these Requests are addressed, including, without limitation, its agents, employees, attorneys, accountants, and all persons acting or purporting to act on behalf of the Debtor unless otherwise noted.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine or neuter form shall include each of the other genders.

10. If the requested Documents are maintained in a file, the file folder is included in the Request of those Documents.

## INSTRUCTIONS

1. Unless otherwise indicated, all documents shall be produced for the relevant time period, including any documents having an earlier origin and in use during the relevant time period.

2. Each request solicits all Documents in Your possession, custody, or control, including, but not limited to, all information available to You or obtainable by You, including but not limited to, all Documents in any database or data room.

3. The obligation to produce documents responsive to these Requests shall be continuing in nature, and You are required promptly to produce any document requested herein that You locate or obtain after responding to these Requests, up to the conclusion of the proceedings herein.

4. All responsive documents are to be produced in the same file or other organizational environment in which they are maintained, with a clear indication of where each document ends and the next begins. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other responsive documents from said file, docket, or grouping, in the same order or manner of arrangement as the original.

5. The response to each and every one of the requests should be separately identified in such a manner as would readily permit determination of the request, or sub-portion thereof, to which they purport to be responsive, including identifying the request for production in response to which the document or thing is being produced.

6. Electronic records and computerized information must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.

7. Each item produced should bear unique identifying control numbers (e.g., Bates labels) on each item or page if the item is a document, and other documents maintained in electronic form should be produced in machine-readable electronic form.

8. In the event a document is withheld or redacted on a claim of attorney-client or work-product privilege, You shall provide a detailed privilege log that describes the privilege being claimed and the information withheld in a manner that is sufficient to disclose facts upon which You rely in asserting Your claim.

9. Aequum specifically requests production of electronic or magnetic data and ESI. All Documents and image files shall be produced in their native formats, such as Microsoft Word, Word Perfect, Microsoft Excel, PowerPoint, TIF, GIF, JPEG, or PDF. With respect to all other electronic or magnetic data and ESI, produce in ASCII format and for any file-based data, produce in an ASCII delimited text format, identifying the delimiters.

10. Any and all electronically stored documents being produced in response to these requests shall be produced in load file which includes Natives, Text (Doc-Level) and a .dat file with at least the following metadata fields: BEGDOC; ENDDOC; ATTACHMENT RANGE; PARENTID; ATTACHIDS; CUSTODIAN; AUTHOR; TO; FROM; CC; BCC; SUBJECT; TITLE; DOCDATE; DOCTIME; SENTDATE; SENTTIME; RECEIVEDDATE; RECEIVEDTIME; LASTMODDATE; LASTMODTIME; CREATEDATE; CREATETIME; SORTDATE; SORTTIME; FILEPATH; FOLDER; FILENAME; FILEEXT; FULLFILE; DOCTYPE; FILESIZE; MD5HASH; MSGID; CONVINDX; NATIVELINK; TEXTLINK.

11. In the event that any document called for has been lost, destroyed, discarded, or otherwise disposed of, identify the document by identifying: (i) its author or preparer; (ii) all persons to whom distributed or shown; (iii) date; (iv) subject matter; (v) attachments or

appendices; (vi) date, manner, and reason for destruction or other disposition; (vii) person authorizing destruction or other disposition; (viii) the document request or requests to which the document is responsive.

12.    Produce all responsive documents as they are kept in the usual course of business, or organize and label them to correspond with the Request to which they are responsive.

## DOCUMENT REQUESTS

1.    Documents referenced or relied upon in connection with each Debtor's commencement of its respective Bankruptcy Case, including without limitation any documents supporting the claimed assets of such Debtor.

2.    Documents referenced or relied upon in connection with any "first day" motions filed by Debtors in the Bankruptcy Case, including any motions to use cash collateral or pay payroll.

3.    All Debtor-related bank statements (including bank accounts that contain Debtor assets where the bank account is not in the name of a Debtor), since January 1, 2025, including any checks and ACH or wire transfer information. Any budgets and/or financial projections for Debtors since August 1, 2025.

4.    Any balance sheets, income statements, general ledgers, and profit and loss statements, since July 1, 2025.

5.    Any statements and/or valuations of Debtors' current inventory and/or equipment.

6.    Documents sufficient to reflect Debtors' accounts receivables from July 1, 2025 to present, including account receivable aging reports and invoices.

7.    Any eligibility calculations under the Credit Agreement and any Borrower Base Certificates since July 1, 2025.

8. Documents justifying the payment or allocation of payroll to Debtors, e.g., if Debtors claim that an employee should be paid from Aequum Capital Financial II, LLC's cash collateral, documents sufficient to show that employee's employer, what work they perform for Debtors, what percentage of their work is performed for Debtors [as opposed to their non-Debtor affiliates], and the expected return on investment from that employee's services.

9. Documents showing any transfer or loss of business from Debtors since July 1, 2025, e.g., purchase of inventory to print mailers.

Dated: November 7, 2025

                                              */s/ Samuel A. Schwartz, Esq.*
Samuel A. Schwartz, Esq.
**Schwartz Law, PLLC**
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 802-2207
SASchwartz@nvfirm.com

-and-

Kenneth Ottaviano (*pro hac vice pending*)
William J. Dorsey (*pro hac vice pending*)
Stephanie Hor-Chen (*pro hac vice pending*)
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2512
ken.ottaviano@blankrome.com
William.Dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel to Aequum Capital Financial II, LLC*

# EXHIBIT 2

# EXHIBIT 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA
(Las Vegas Division)

| | |
|---|---|
| In re: | Chapter 11 |
| COLORART LLC, | Case No. 25-16701 |
| Debtor. | |
| In re: | Chapter 11 |
| LAS VEGAS COLOR GRAPHICS, INC., | Case No. 25-16697-nmc |
| Debtor | |

**NOTICE OF DEPOSITION OF ERAN SALU, OFFICER OF DEBTORS**

TO:    Teresa M. Pilatowicz
       Garman Turner Gordan LLP
       7251 Amigo Street, Suite 210
       Las Vegas, NV 89119
       tpilatowicz@gtg.legal

**PLEASE TAKE NOTICE** that Aequum Capital Financial II, LLC ("Aequum"), through its attorneys, Blank Rome LLP, will take the deposition of:

Eran Salu    President, Treasurer and Secretary of ColorArt LLC; and
             President, Treasurer and Secretary of Las Vegas Color Graphics, Inc.

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 9014, the deponent will be deposed by oral examination before a Notary Public or some other person duly authorized to administer an oath. The deposition will take place on **November 11, 2025 at 1:00 p.m at the Law Offices of Polsinelli, 7676 Forsyth Boulevard, Suite 800, St. Louis, MO 63105**.  The deposition will continue from day to day until completed and will be recorded by stenographic means, with rights reserved with respect to video.

155813285

Dated: November 7, 2025

<u>/s/ Samuel A. Schwartz, Esq.</u>
Samuel A. Schwartz, Esq.
**Schwartz Law, PLLC**
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 802-2207
SASchwartz@nvfirm.com

-and-

Kenneth Ottaviano (*pro hac vice pending*)
William J. Dorsey (*pro hac vice pending*)
Stephanie Hor-Chen (*pro hac vice pending*)
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2512
ken.ottaviano@blankrome.com
William.Dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel to Aequum Capital Financial II, LLC*

155813285