GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.:25-16701-nmc |
| COLORART, LLC, | Chapter 11 |
| Debtor. | Date: **OST Requested**<br>Time: **OST Requested** |

### EMERGENCY MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENAS; OBJECTION TO MOTION FOR ORDER EXPEDITING DISCOVERY

Las Vegas Color Graphics, Inc. ("LVCG") and ColorArt, LLC ("ColorArt," together with LVCG, the "Debtors"), as debtors and debtors-in-possession in the above-captioned Chapter 11 Cases, by and through proposed general bankruptcy counsel, the law firm of Garman Turner Gordon LLP, hereby submit this *Emergency Motion for Protective Order and/or to Quash Subpoenas* (the "Motion")[1] and initial *Objection to Motion for Order Directing Expedited Discovery* (the "Objection").[2] The Motion respectfully requests this Court, pursuant Federal Rules

---

[1] All references to "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to "Rule" or "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court for the District of Nevada.

[2] Aequum filed its *Motion for Order Directing Expedited Discovery* seeking to have the Court order discovery responses and depositions on November 11, 2025. Debtors object to this accelerated timeline for the reasons set forth

of Civil Procedure ("FRCP") 26 and 45, made applicable to these cases pursuant to Bankruptcy Rules 9014 and 9016, (1) enter a protective order as to the document requests made to Debtors and deposition notice for Eran Salu, as representative of Debtors, and (2) quash the subpoenas to Steven Paley and Joseph Creamer.  Debtors further object to the *Motion for Order Directing Expedited Discovery* (Case No. 25-16701, ECF No. 18) filed at 9:37 p.m. on Friday, November 7, 2025, seeking to compel compliance with discovery requests by Tuesday, November 11, 2025, on a federal holiday.

This Motion is made and based upon the Memorandum of Points and Authorities herein; the declaration of Teresa Pilatowicz (the "Pilatowicz Decl.") filed concurrently herewith; the papers and pleadings on file in the Chapter 11 Cases, judicial notice of which is hereby respectfully requested pursuant to Fed. R. Evid. 201(b) and (c) and 1101(a) and (b); and the argument of counsel at hearing on this Motion.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.
INTRODUCTION**

Just two days after Debtors filed their Chapter 11 Cases on November 5, 2025, Debtors' secured lender Aequum Capital Financial II, LLC ("Aequum") served a request for production of documents and deposition notice (the "Discovery Requests") on Debtors demanding document production by, and an in-person deposition on, November 11, 2025, a federal holiday.  Debtors also learned that, without any notice to Debtors, Aequum was reaching out to two employees (the "Subpoena Parties") of Debtors' affiliate, JAL Equity Corp. ("JAL"), who provide accounting services for Debtors, to issue subpoenas (the "Subpoenas") demanding that they also produce documents by, and appear at an in person deposition on, November 11, 2025. In sum, Aequum has demanded that Debtors and the Subpoena Parties gather documents, prepare witnesses, and coordinate cross-country travel on one business day's notice, all during Debtors' first week of Chapter 11 operations.

---

herein but remains willing to confer with Aequum regarding reasonable response deadlines under the circumstances.

These discovery demands are unreasonable, unduly burdensome, and procedurally improper. Given the lack of notice and failure to provide a reasonable time to comply, FRCP 26(c) authorizes the Court to grant a protective order and FRCP 45(d)(3)(A)(i) requires the Court to quash the Subpoenas. Among other things, the timing and scope of these demands demonstrate creditor harassment and undermine the purpose of Chapter 11, which is to provide Debtors a breathing spell to stabilize operations. Debtors therefore respectfully request that the Court grant a protective order and quash the Subpoenas.

## II.
## BACKGROUND

1. On November 5, 2025, each of the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code, thereby commencing the Chapter 11 cases (the "Chapter 11 Cases"). *See, e.g.*, ECF No. 1.

2. A detailed description surrounding the facts and circumstances of these Chapter 11 Cases is set forth in the omnibus declaration of Eran Salu, incorporated by herein by this reference. *See* ECF No. 16.

3. On Friday, November 7, 2025, at approximately 2:00 p.m., counsel for Aequum delivered the Discovery Requests to counsel for Debtors, which included a request for document production (the "Document Requests") and deposition notice (the "Salu Deposition") for Eran Salu, Debtors' representative in this case, seeking to hold a deposition in Missouri. *See* Pilatowicz Decl. ¶ 3, Exs. 1 and 2.

4. Later that day, Debtors became aware that Aequum had also reached out to Joseph Creamer and Steven Paley (collectively, the "Subpoena Parties"), two employees of JAL who assist in the accounting functions for Debtors, regarding the issuance of the Subpoenas. Aequum was seeking to serve the Subpoenas on the Subpoena Parties, which demanded document production and depositions on November 11, 2025, to take place simultaneously in Missouri and Florida. *See* Pilatowicz Decl. ¶ 4, Exs. 3 and 4.

5. Debtors, through counsel, requested that Aequum not contact the Subpoena Parties directly and advised that Debtors would respond regarding whether they were authorized to accept

service. *See* Pilatowicz Decl. ¶ 5

6. Debtors, through counsel, also advised of the objection to the Discovery Requests and Subpoenas given the unreasonably short time for compliance. Debtors, however, advised that they would seek to provide requested documents on an expedited time frame, which Debtors had also advised Aequum's counsel of on the previous day, and requested a follow-up call. *See* Pilatowicz Decl. ¶ 6

7. On Sunday morning, November 9, 2025, on a telephone call with Aequum's counsel, Debtors' counsel again raised the objection to the Discovery Requests and Subpoenas and advised that neither Mr. Salu, nor counsel, nor the Subpoena Parties were able to produce documents or attend depositions on November 11, 2025. The parties were unable to reach an agreement to reschedule the depositions, document production deadlines, or withdraw the Subpoenas. *See* Pilatowicz Decl. ¶ 7

8. On Sunday, November 9, Aequum personally served Mr. Creamer with the Subpoena. Debtors do not believe Mr. Paley has been served. *See* Pilatowicz Decl. ¶ 8

### III.
### JURISDICTION AND VENUE

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 1001(b)(1). This Motion is a core proceeding under 28 U.S.C. §§ 157(b). Venue of Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

10. Debtors continue to operate their business and manage their property as Debtors and debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

11. The statutory basis for the relief requested herein is Sections 105 of the Bankruptcy Code and FRCP 26 and 45, made applicable to these proceedings pursuant to Fed. R. Bank. P. 9014 and 9016.

12. Pursuant to Local Rule 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

# IV.
# LEGAL ARGUMENT

**A.  Standard for Entry of Protective Order.**

FRCP 26, made applicable to contested matters pursuant to Bankruptcy Rule 9014, provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…

Fed. R. Civ. P. 26(c).

**B.  Law Governing the Document Requests and Depositions.**

FRCP 30, made applicable to contested matters by Bankruptcy Rule 9014, which governs depositions, provides, in relevant part:

> *Notice in General.* A party who wants to depose a person by oral questions must give **reasonable written notice to every other party**. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

FRCP 30(b)(1)(emphasis added).

FRCP 34, made applicable to these proceedings by Fed. R. of Bank. P. 9014, which governs document requests and provides, in relevant part:

> *Responses and Objections.* The party to whom the request is directed must respond in writing within 30 days after being served or — if the request was delivered under Rule 26(d)(2) — within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.

FRCP 34(b)(2).

**C.  Law Governing Issuance of and Compliance with Subpoenas.**

FRCP 45, made applicable by Bankruptcy Rule 9016, which governs the issuance of subpoenas, provides:

> *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

FRCP 45(d)(1).

FRCP 45 also requires:

> *Notice to Other Parties Before Service.* If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

FRCP 45(a)(4).

Finally, FRCP 45(d)(3)(A)(i) requires that a subpoena must be quashed if it "fails to allow a reasonable time to comply." Courts consider (1) the time allowed, (2) whether travel is required, (3) the volume and scope of the documents requested, and (4) whether business operations will be disrupted. *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

### D. A Protective Order is Necessary as the Discovery Requests and Subpoenas Violate Fed. R. Civ. P. 26, 30, and 45.

#### 1. Aequum Did Not Provide Proper Notice of the Subpoenas or Depositions.

The Subpoenas seek the production of documents from the Subpoena Parties, but no advance notice of such document requests was provided to Debtors as required by FRCP 45(a)(4). Furthermore, the Subpoenas demand that the Subpoena Parties appear for depositions on November 11, 2025, but no notice of deposition has been filed or presented to Debtors. Instead, Debtors learned of the Subpoenas only after they were delivered to the Subpoena Parties. The failure to provide any of the required notices under FRCP 45 or FRCP 30 renders the Subpoenas procedurally invalid and requires that a protective order issue and/or the Subpoenas be quashed.

#### 2. Neither the Discovery Requests nor the Subpoena Permit Sufficient Time for Compliance.

Fed. R. Civ. P. 30 requires that, "A party who wants to depose a person by oral questions *must give reasonable written notice to every other party*." Fed. R. Civ. P. 30(b)(1). An obvious

fact to be considered is the time between the notice and the deposition, with an eye toward preparation and travel. *See, e.g., United States v. Philip Morris Inc.*, 312 F.Supp.2d 27, 36–37 (D.D.C.2004)(notice of three business days, "especially to busy litigators who need to prepare to testify about events occurring six to nine years previously," does not constitute "reasonable notice."). While there is no set time limit for reasonable notice, Nevada federal courts have found five or six days' notice impermissible as unreasonably short. *See In re Stratosphere Corp. Securities Litigation*, 183 F.R.D. 684 (D. Nev. 1999).

Despite Fed. R. Civ. P. 30(b)(1), Aequum served the Deposition Notice on the Debtors at 1:57 p.m. on November 7, 2025, purporting to schedule the Salu Deposition for November 11, 2025, a federal holiday, *just one total business days' notice*. Even worse, the Subpoenas, neither of which have ever been served on Debtors, likewise require document production and a deposition on November 11, 2025, just one *total business days' notice*. The depositions are notices ot occur in two different states at the same time. The notice, or lack thereof, falls woefully short of the required written notice to the Debtors and a protective order and/or order quashing the Subpoenas is appropriate.

E.     **Debtors Are Prejudiced by the Accelerated Discovery Without Court Authorization and Without Proper Notice.**

In addition to being in direct violation of the Federal Rules, the Discovery Requests and Subpoenas serve to significantly prejudice the Debtors. By virtue of the short notice, the Debtors have not been provided sufficient time to raise objections, prepare for issues that may arise during the depositions, or adequately prepare therefor by reviewing relevant documents or preparing for examination. In addition to the time constraints, Aequum's efforts seek to exhaust Debtors' resources and prevent the Debtors from focusing their efforts on the critical first days of their Chapter 11 Cases. The improper discovery has caused Debtors' counsel to divert from time preparing for the upcoming first day hearings and the good faith efforts to openly exchange information that is actually necessary. Aequum should not be permitted to exhaust the Debtors' resources to the Debtors' detriment when counsel for Debtors immediately opened up to lines of

communication to prevent these very disputes. Therefore, a protective order is necessary.

**F.    Reservation of Rights.**

Debtors are filing this Motion on an emergency basis given the purported compliance deadlines and depositions scheduled for November 11, 2025. This Motion is not intended to include all potential objections. Debtors may raise additional objections to the Discovery Requests and Subpoenas and therefore reserve all rights and arguments with respect thereto.

## V.
## CONCLUSION

For the reasons set forth herein, Debtors respectfully request that the Court enter a protective order preventing Aequum from proceeding with the Salu Deposition scheduled for November 11, 2025, denying any request for an accelerated deadline for the Document Requests, and quashing the Subpoenas. Debtors request such other relief as this Court deems just and proper.

Dated this 10th day of November 2025.

GARMAN TURNER GORDON LLP

By: */s/   Teresa Pilatowicz*
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, PH.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    *[Proposed] Attorneys for Debtors*