Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
saschwartz@nvfirm.com
Gabrielle A. Hamm, Esq.
Nevada Bar No. 11588
ghamm@nvfirm.com
Athanasios Agelakopoulos, Esq.
Nevada Bar. No. 14339
aagelakopoulos@nvfirm.com
SCHWARTZ LAW, PLLC
601 East Bridger Avenue
Las Vegas, Nevada 89101
Telephone: (702) 385-5544
Facsimile: (702) 442-9887

Kenneth J. Ottaviano (*pro hac vice* forthcoming)
William J. Dorsey (*pro hac vice* forthcoming)
Stephanie K. Hor-Chen (*pro hac vice* forthcoming)
**BLANK ROME LLP**
444 West Lake Street, Suite 1650
Chicago, IL 60606
Telephone: (312) 776-2514
ken.ottaviano@blankrome.com
william.dorsey@blankrome.com
stephanie.horchen@blankrome.com

*Counsel to Aequum Capital Financial II LLC*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COLORART, LLC,<br>          Debtor. | Case No.: 25-16701-NMC<br>Chapter 11 |

*EX PARTE* **MOTION FOR ORDER SHORTENING**
**TIME TO HEAR AEQUUM CAPITAL FINANCIAL II LLC'S:**
**(I) MOTION TO PROHIBIT USE OF CASH COLLATERAL;**
**AND (II) MOTION FOR ORDER DIRECTING EXPEDITED DISCOVERY**

Schwartz Law, PLLC ("**SL**"), counsel for Aequum Capital Financial II, LLC ("**Lender**"), in the above-referenced Chapter[1] 11 case (the "**Chapter 11 Case**"), pursuant to Section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006(c)(1), and Local Rule 9006, hereby moves the Court

---

[1] Unless otherwise indicated, all references to "**Chapter**" and "**Section**" are to Title 11 of the United States Code, 11 U.S.C. § 101 et seq. (as amended. the "**Bankruptcy Code**"). "**Bankruptcy Rule**" references are to the Federal Rules of Bankruptcy Procedure. "**Civil Rule**" references are to the Federal Rules of Civil Procedure. "**Evidence Rule**" references are to the Federal Rules of Evidence. "**Local Rule**" and "**LR**" refer to the Local Rules of Bankruptcy Practice of the United States Bankruptcy Court, District of Nevada (the "**Local Rules**").

(the "**Motion**") for entry of an order shortening time to hear Lender's *Motion to Prohibit Use of Cash Collateral* [ECF No. 10] (the "**Motion to Prohibit**")[2] and Lender's *Motion for Order Directing Expedited Discovery* [ECF No. 18] (the "**Motion to Expedite**"), both filed on November 7, 2025.

This Motion is made pursuant to Bankruptcy Rule 9006, Local Rule 9006, the declaration of Samuel A. Schwartz, Esq. (the "**Schwartz Declaration**"), attached hereto as **Exhibit 1**, the points and authorities set forth below, and the pleadings and papers and other records contained in this Court's file, judicial notice of which is respectfully requested.

## ARGUMENT

Section 105 of the Bankruptcy Code allows this court to issue such orders as are necessary to carry out the provisions of this title. Bankruptcy Rule 9006(c)(l) permits a bankruptcy court, for cause shown and, in its discretion, to reduce the period during which any notice is given in accordance with the bankruptcy rules. Fed. R. Bankr. P. 9006(c)(1).

The operative section of the Bankruptcy Code's rules of construction set forth in 11 U.S.C. § 102(1) define the phrase "after notice and a hearing," or similar phrases used throughout the Bankruptcy Code and Bankruptcy Rules as follows:

> (A) … after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but (B) authorizes an act without an actual hearing if such notice is given properly and if – (i) such a hearing is not requested timely by a party in interest; or (ii) there is insufficient time for a hearing to be commenced before such an act must be done, and the court authorizes such an act.

11 U.S.C. § 102(1); *see also* Fed. R. Bankr. P. 9001 (making the Bankruptcy Code's rules of construction applicable to the Federal Rules of Bankruptcy Procedure).

Relief under Bankruptcy Rule 9006(c)(1) is committed to the Court's discretion. *See, e.g., In re Phila. Newspapers, LLC*, 690 F.3d 161, 171 (3d Cir. 2012). "In exercising that discretion, [the Court] should consider the prejudice to parties entitled to notice and weigh this against the reasons

---

[2] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Prohibit and the Motion to Expedite.

2

for hearing the motion on an expedited basis." *Id.*

Under Local Rule 9006(a), every motion for an order shortening time must be accompanied by a declaration stating the reasons for an expedited hearing. As set forth in the Schwartz Declaration attached hereto as **Exhibit 1**, there is good cause for an expedited hearing on the Motions.

WHEREFORE, Lender respectfully submits that cause exists both under 11 U.S.C. § 102(1) and under Bankruptcy Rule 9006(c)(1) to grant the relief requested herein, and respectfully prays for entry of an order to that effect.

Dated: November 10, 2025.

Respectfully Submitted,

SCHWARTZ LAW, PLLC

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.
Gabrielle A. Hamm
601 East Bridger Avenue
Las Vegas, Nevada  89101

**EXHIBIT 1**

**DECLARATION OF SAMUEL A. SCHWARTZ, ESQ. IN SUPPORT OF *EX PARTE* MOTION FOR ORDER SHORTENING TIME TO HEAR AEQUUM CAPITAL FINANCIAL II LLC'S MOTION TO PROHIBIT USE OF CASH COLLATERAL**

I, Samuel A. Schwartz, Esq., hereby declare as follows:

1. I am the principal of Schwartz Law, PLLC ("**SL**"), and I am duly licensed to practice law in the State of Nevada, the United States District Court for the District of Nevada, the Bankruptcy Appellate Panel for the Ninth Circuit Court of Appeals, the Ninth Circuit Court of Appeals, and the United States Supreme Court, among others. I make this declaration based on my own personal knowledge except as to those matters stated upon information and belief, and as to those matters, I believe them to be true.

2. SL is counsel for the Lender. I submit this declaration in support of the Lender's *ex parte* motion for an order shortening time (the "**Ex Parte Motion**"), to hear the *Motion to Prohibit Use of Cash Collateral* [ECF No. 10] (the "**Motion to Prohibit**"), and Lender's *Motion for Order Directing Expedited Discovery* [ECF No. 18] (the "**Motion to Expedite**"), both filed on November 7, 2025.[3]

3. SL submits that cause exists for both the Motion to Prohibit and the Motion to Expedite to be heard on shortened time. If the Motion to Prohibit is not heard before the Debtors' pending motion for use of cash collateral, the Lender's assets may be dissipated beyond recovery, making the Motion to Prohibit moot. Similarly, if the Debtors have legitimate business purposes for the use of cash collateral, discovery is necessary to confirm those legitimate purposes. Therefore, the Motion to Expedite also needs to be heard in connection with these early matters so discovery can go forward quickly and efficiently.

4. Based upon the foregoing, it is respectfully submitted that good cause exists to grant an order shortening time to hear both the Motion to Prohibit and the Motion to Expedite.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

---

[3] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion to Prohibit and the Motion to Expedite.

Dated: November 10, 2025.

/s/ *Samuel A. Schwartz*
Samuel A. Schwartz, Esq.