**SPENCER FANE, LLP**
Richard F. Holley, Esq. (NV Bar 3077)
R. McKay Holley, Esq. (NV Bar 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Email: rholley@spencerfane.com
       mholley@spencerfane.com
Tel: (702) 408-3400 | Fax: (702) 408-3401
and
Ian M. Rubenstrunk (MN Bar 0397881)
(Application for *Pro Hac Vice* Pending)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Email: irubenstrunk@spencerfane.com
Tel: 612-268-7062
and
Eric C. Peterson (MO Bar 62429)
(Application for *Pro Hac Vice* Pending)
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
Email: epeterson@spencerfane.com
Tel: 314-333-3937

*Attorneys for NMBL Strategies, solely in its capacity as court-appointed receiver in the Circuit Court of St. Louis County, State of Missouri, Case No. 25SL-CC11027*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>COLORART, LLC,<br><br>   Debtor. | Case No. 25-16701-nmc<br>Chapter 11<br><br>Hearing Date: OST Pending<br>Hearing Time: OST Pending<br><br>Judge: Hon. Natalie M. Cox |

**RECEIVER'S MOTION UNDER SECTION 543(d) OF THE BANKRUPTCY CODE EXCUSING COMPLIANCE WITH SECTION 543 OF THE BANKRUPTCY CODE**

NMBL Strategies, solely in its capacity as court-appointed receiver in the Circuit Court of St. Louis County, State of Missouri, Case No. 25SL-CC11027 (the "Receiver"), hereby moves this Court ("Receiver's Motion") pursuant to section 543(d) of title 11 of the United States Code ("Bankruptcy Code") for entry of an order: (i) excusing the Receiver from compliance with Section 543(a), (b), and (c) of the Bankruptcy Code; (ii) permitting Receiver to retain possession, custody, and control of certain property of ColorArt, LLC ("ColorArt") and Las Vegas Color Graphics,

LLC ("LVCG," together with ColorArt, the "Debtors") and any proceeds in its possession, custody, or control; (iii) excusing the Receiver from turning over the property and any proceeds; and (iv) for such other relief deemed just and equitable.[1]

The Receiver's Motion is made and based upon Section 543(d) of the Bankruptcy Code, the Omnibus Declaration of Eric Moraczewski (the "Receiver's Declaration") filed concurrently under LR 9014(c)(2), the Memorandum of Points and Authorities set forth below, the Attorney Information Sheet for Proposed Order Shortening Time And Notice Of Hearing ("Attorney Information Sheet") filed contemporaneously under LR 9006, and the papers and pleadings on file, judicial notice of which is respectfully requested.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### **I.     JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b). Receiver consents to the entry of a final order by the Court in connection with the Receiver's Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicate for the relief requested herein are sections 543 of the Bankruptcy Code.

### **II.     APPOINTMENT OF RECEIVER**

4. On or about October 29, 2025, Receiver was appointed pursuant to Mo. Rev. Stat. 515.500 et seq. (the "Missouri Commercial Receivership Act" or "MCRA") as general receiver over substantially all property of the Debtors (the "Receivership Property") pursuant to that certain

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Bankruptcy Procedure will be referred to as "FRBP." The Local Rules of Practice for the United States Bankruptcy Court for the District of Nevada shall be referred to as the "Local Rules" or "LR". All references to "ECF No." are to the numbers assigned to the documents filed in the bankruptcy case identified in the caption above ("Case"), as they appear on the docket ("Docket") maintained by the Clerk of the Court of the United States Bankruptcy Court for the District of Nevada.

Order Appointing Receiver (the "Receivership Order") entered by the Circuit Court for the County of St. Louis, State of Missouri (the "Missouri Court"), in Cause No. 25SL-CC11027 (the "Receivership Case").

5. Pursuant to the Receivership Order, the Receiver was and has been commanded to, among other things, investigate, take possession of, hold, and liquidate the Receivership Property, including without limitation real, personal, tangible and intangible property, as well as documents, records, and information related thereto.

6. In accordance with its duties under the Receivership Order, the Receiver endeavored to take possession and/or control of the Property (defined below), commencing on October 29, 2025. Notwithstanding the obligations of the Debtors under the Receivership Order and applicable law, due to the lack of cooperation by the Debtors and their officers and directors, the Receiver has been unable to take possession and/or control of the Receivership Property.

7. As of the date of the filing of the Receiver's Motion, the Receiver is in possession and/or control of limited Receivership Property as more fully detailed in the Receiver's Declaration (the "Property"), including: (i) accounts of the Debtors at CNB Bank ("CNB") and records related thereto; (ii) information related to the Debtors' accounts at Well Fargo provided by Aequum Capital Finance II, LLC (the "Lender"); and (iii) various miscellaneous records regarding the Debtors' business operations provided by third parties.

### III.  FACTUAL BACKGROUND GIVING RISE TO THE MOTION

8. On November 5, 2025 (the "Petition Date"), the Debtors commenced voluntary cases under Chapter 11 of the Bankruptcy Code.

9. Except for the above-described Property, the Debtors remain in possession of their property and have not turned over documents, information, or other items or property necessary to enable the Receiver to manage the Receivership Property. Consequently, the Debtors remain in possession of their property and in their business as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

10. On November 5, 2025, the Receiver received correspondence from counsel for the Debtors, informing the Receiver that the Debtors have filed for bankruptcy and demanding turnover of property (the "Debtor Demand").

11. The Debtor Demand included a demand to the Receiver to acknowledge receipt thereof by 5:00 p.m. PT on November 6, 2025, and to comply with the turnover demand on or before 5:00 p.m. PT on November 10, 2025.

12. A copy of the Debtor Demand was also sent by Debtors' counsel to counsel for the Lender on the evening of November 5, 2025. On November 6, 2025, counsel for the Lender delivered correspondence via e-mail to counsel for the Receiver objecting to the Receiver taking any action to turnover or relinquish control of any Receivership Property, namely funds in the accounts at CNB, absent an order from this Court.

13. On the afternoon of November 6, 2025, the Receiver's counsel scheduled and held a call with proposed counsel for the Debtor.

14. Following receipt of the Debtor Demand and discussion with Debtors' proposed counsel, the Receiver's counsel agreed that: (a) the Property shall not be diminished pending further court proceedings and (b) the Debtors shall be afforded view-only access in and to all accounts of the Debtors comprising the Property.

15. Late in the day of November 7, 2025, both the Lender and the Debtors filed various motions seeking various forms of relief. *See* ECF Nos. 10, 11, 12, 13, 14, 16, and 18. As it relates to the Receiver's Motion, the Debtors and the Lender both seek relief from this Court regarding or relating to the Property within the Receiver's control, namely the funds in the accounts at CNB. *See* ECF Nos. 10, 12, 13, 14.

16. As a result of the various demands and motions filed by the Debtors and the Lender, the Receiver is now faced with a situation where a dispute has arisen between third parties as to how the Receiver should act, among other things, without the benefit of an order from a court directing it to act as an arm of the Missouri Court.

### IV. RELIEF REQUESTED AND THE BASIS THEREFOR

17. By this Motion, the Receiver seeks entry of an order, pursuant to Bankruptcy Code section 543(d), excusing the Receiver from complying with sections 543(a), (b) and (c) of the Bankruptcy Code.

18. The Court may excuse a custodian approved by another court or appointed under applicable law from compliance with sections 543(a), (b) and (c) of the Bankruptcy Code if the interests of creditors are better served by the Receiver remaining in possession, custody or control of the Property.

19. Here, the interests of creditors are better served by the Receiver remaining in possession, custody, or control of the Property. As set forth above, there is an ongoing dispute and conflicting demands upon the Receiver regarding the Property, how it should be used, whether it should be transferred, and to whom. At a minimum, the Receiver should be excused from section 543 and should be permitted to retain the Property until such time as the Court has ruled on the pending motions filed by the Debtors and the Lender.

20. Additionally, as set forth in the Receiver's Declaration, the Receiver has concerns that the Property will be properly used, possessed, controlled, or otherwise preserved for the benefit of creditors – in light of the historical conduct of the Debtors and its principals. It is certainly possible that there is a reasonable explanation for all of the questions and concerns that the Receiver has. However, the Receiver simply has very limited information to address its concerns.

21. Accordingly, the Receiver believes in its business judgment that it should remain in possession and/or control of the Property, to preserve the *status quo*, pending further order of this Court.

22. The Receiver's noncompliance with sections 543(a) and (b)(1) will not result in fraud or injustice.

23. In the event and to the extent that the Court directs the Receiver to turnover the Property, the Court should order, pursuant to Section 543(c)(2), payment of reasonable compensation for services rendered and costs and expenses incurred by such the Receiver in

preserving and protecting the Property, including without limitation, the fees, costs, and expenses incurred in preparing, filing, and presenting this Motion.

## V.     NOTICE

24.    The Receiver will provide notice of this Motion to the following: (a) the United States Trustee; (b) the holders of the twenty (20) largest unsecured claims against each of the Debtors; (c) any other committee that is appointed pursuant to Section 1102 of the Bankruptcy Code; and (d) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Receiver submits that no other or further notice is necessary.

25.    No prior request for the relief sought herein has been made to this Court or any other court.

## VI.     CONCLUSION

WHEREFORE, for the reasons set forth herein, the Receiver respectfully requests that this Court enter an order granting the relief requested in the Motion and excusing the Receiver from: (i) excusing the Receiver from compliance with Section 543(a), (b), and (c) of the Bankruptcy Code; (ii) permitting Receiver to retain possession, custody, and control of certain property of the Debtors and any proceeds in its possession, custody, or control; (iii) excusing the Receiver from turning over the Property and any proceeds; and (iv) for such other relief deemed just and equitable.

Dated this 10th day of November 2025.

**SPENCER FANE LLP**

  /s/ R. McKay Holley
Richard F. Holley, Esq. (NV Bar 3077)
R. McKay Holley, Esq. (NV Bar 15934)
300 South Fourth Street, Suite 1600
Las Vegas, Nevada 89101
Email: rholley@spencerfane.com
             mholley@spencerfane.com
Tel: (702) 408-3400 | Fax: (702) 408-3401
and
Ian M. Rubenstrunk (MN Bar 0397881)
(Application for *Pro Hac Vice* Pending)
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402


Email: irubenstrunk@spencerfane.com
Tel: 612-268-7062
and
Eric C. Peterson (MO Bar 62429)
(Application for *Pro Hac Vice* Pending)
1 North Brentwood Boulevard, Suite 1000
St. Louis, MO 63105
Email: epeterson@spencerfane.com
Tel: 314-333-3937

*Attorneys for NMBL Strategies, solely in its capacity as court-appointed receiver in the Circuit Court of St. Louis County, State of Missouri, Case No. 25SL-CC11027*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Spencer Fane LLP and that, on the 10th day of November 2025, I caused to be served a true and correct copy of the RECEIVER'S MOTION UNDER SECTION 543(d) OF THE BANKRUPTCY CODE EXCUSING COMPLIANCE WITH SECTION 543 OF THE BANKRUPTCY CODE in the following manner:

☒ (ELECTRONIC SERVICE) Under Local Rule 5005 of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐ (UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date written above.

☐ (OVERNIGHT COURIER) By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date written above.

☐ (FACSIMILE) By serving a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those listed on the attached service list, and on the date written above.

/s/ Olivia Swibies
An employee of Spencer Fane LLP