LOUIS M. BUBALA III
Nevada Bar No. 8974
KAEMPFER CROWELL
50 W. Liberty St., Ste. 1100
Reno, Nevada 89501
Telephone: (775) 852-3900
Facsimile: (775) 327-2011
E-Mail: lbubala@kcnvlaw.com

JEFF C. GARRETT
Nevada Bar No. 15917
KAEMPFER CROWELL
1980 Festival Plaza Dr., Ste. 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
E-Mail: jgarrett@kcnvlaw.com

Attorneys for JAL Equity Corp.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case No.: 25-16701-nmc |
|---|---|
| COLORART, LLC, | Chapter 11 |
| Debtor | **JAL EQUITY CORP.'S**<br>1. **OBJECTION TO MOTION FOR EXPEDITED DISCOVERY; and**<br>2. **EMERGENY CROSS MOTION FOR PROTECTIVE ORDER AND/OR TO QUASH SUBPOENAS** |

JAL Equity Corp., the parent company to the Debtor, on behalf of JAL's accountant employees, Steven Paley and Joseph Creamer, objects to the subpoenas on them as follows:[1]

1.      Aequum failed to "give reasonable written notice to every other party" of the depositions.  Fed. R. Civ. P. 30(b)(1), incorporated by Fed. R. Bankr. P. 7030.  It scheduled the depositions for Tuesday, November 11, which is Veterans Day, a federal holiday.  Aequum did not provide advance notice to JAL; it provided debtors with notice on  November 7; it apparently

---

[1] JAL requests the Court take judicial notice of the matters on the docket, including: Aequum's motion for expedited discovery and Mr. Schwartz's declaration (Dkt. 18-19, Nov. 7); Aequum's motion for OST and order setting the hearing on Nov. 13 (Dkt. 25, 27, Nov. 10); and Debtor's objection and emergency motion for a protective order and/or to quash the subpoenas, Ms. Pilitaowicz's declaration, and its motion for a hearing on shortened time (Dkt. 22-23, 30, Nov. 10).

KAEMPFER

CROWELL

served Mr. Creamer on November 9; and it apparently has not served Mr. Paley. *See* Dkt. 23, Pilatowicz Dec. This is short of the customary 10-days' notice and is unreasonably short notice of less than 5 days. *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999).

2. Aequum also failed to provide sufficient notice for the document production sought with the subpoena. Fed. R. Civ. P. 45(a)(4), incorporated by Fed. R. Bankr. P. 9016.

3. Debtors met and conferred with Aequum and were not able to resolve the dispute. JAL understands that Debtors advised Aequum that Mr. Creamer and Mr. Paley will not attend any depositions on November 11, given the unresolved objections. JAL only obtained Nevada counsel on the afternoon of November 10 and advised Aequum that evening of its desire to discuss the discovery and objections. A meeting was not immediately possible, but JAL remains open to discussing these issues further with Aequum.

4. JAL requests the Court quash the subpoenas or enter a protective order prohibiting their enforcement as failing to provide reasonable notice and imposing an undue burden. Fed. R. Civ. 45(d)(3)(A)(i), (iv), incorporated by Fed. R. Bankr. P. 9016. *See, e.g., Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

Dated: November 10, 2025

KAEMPFER CORWELL

By: /s/Louis M. Bubala III
Louis M. Bubala III
Jeff C. Garrett

Attorneys for JAL Equity Corp.

KAEMPFER

CROWELL