

_____
Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
November 18, 2025

_____

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail: tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>COLORART, LLC,<br><br>    Debtor, | Case No.:25-16701-NMC<br>Chapter:   11<br><br><u>The Interim Hearing having taken place on:</u><br>Date:    November 13, 2025<br>Time:    11:30 a.m.<br><br><u>**A Final Hearing is Scheduled to Occur:**</u><br>Date:    December 3, 2025<br>Time:    1:00 p.m. |
|---|---|

**INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105, 361, 363, AND 506, AND FED. R. BANKR. P. 4001(b) FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING THE USE OF CASH COLLATERAL, AND SCHEDULING A FINAL HEARING**

Las Vegas Color Graphics, Inc., ("LVCG") and ColorArt, LLC ("ColorArt," and together with LVCG, the "Debtors"), debtors and debtors-in-possession, having filed *Debtor's Emergency Motion Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, and 506, and Fed. R. Bankr. P. 4001(b) for Entry of Interim and Final Orders Authorizing the Use of Cash Collateral and Scheduling a Final*

*Hearing* (the "Motion")[1] [ECF No. 12]; the Court having reviewed and considered the Motion and the documents and evidence submitted in support thereof [ECF Nos. 15, 57, 73]; the Court having held an interim hearing on the matter on November 13, 2025, at 11:30 a.m. (the "Interim Hearing") and having heard and considered the arguments of counsel and objection filed by Aequum Capital Finance II, LLC [ECF No. 36] and the United States Trustee's Response and Reservation of Rights (the "Response") [ECF No. 74]; the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; notice of the Interim Hearing having been appropriate and sufficient under the circumstances; the Court having found on a preliminary basis that the interim relief requested by the Motion is necessary and in the best interests of the Debtors, their estates, and their creditors and necessary to avoid immediate and irreparable harm pending the Final Hearing (as hereinafter defined); the Court having placed its preliminary findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Fed. R. Civ. P. 52, made applicable pursuant to Fed. R. Bankr. P. 7052 and 9014; and good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED:**

1. The Motion is granted on an interim basis pending a final hearing, which final hearing shall be held on December 3, 2025, at 1:00 p.m. (the "Final Hearing").

2. Subject to the terms and conditions of this Order, the Debtors may use cash collateral through and including the date of the Final Hearing in accordance with the Interim Budget, attached as Exhibit 2 to ECF No. 73, as long as the percentage of deviation for does not exceed fifteen percent (15%) for the budgeted expenditures.

3. As and for adequate protection pending the Final Hearing, Lender shall receive, pursuant to Section 361(2) of the Bankruptcy Code, valid and perfected replacement security interests in and liens upon the Debtors' assets and property, and proceeds thereof, but in all events, only to the extent of: (i) any post-petition decrease in value of its properly perfected security

---

[1] Unless otherwise indicated, all capitalized terms herein shall have the same meaning as set forth in the Motion.

interests resulting from the use of cash collateral herein, and (ii) to the extent of its pre-petition properly perfected security interest in and to any of Debtors' property.

4. Debtors are prohibited from using any cash collateral except as in the ordinary course of business and pursuant to the Interim Budget as limited herein and Debtors are further prohibited from granting any mortgages, deeds of trust, security interests, or lien senior or equal to the existing pre-petition security interests.

5. Debtors shall provide to Lender, on a weekly basis, current financial and operational reporting sufficient to permit Lender to monitor Debtors' liquidity, operations and compliance with this Order, including (i) reports regarding cash receipts and disbursements, including transaction-level detail of cash receipts and disbursements, (ii) variance reports, including explanations for variances from the budget, (iii) post-petition payables aging reports, and (iv) bank statements.

6. Lender may request reasonable access to Debtors' financial information, books and records, and personnel as reasonably necessary for Lender to monitor Debtors' financial condition and compliance with this Order, which requests Debtors shall, to the extent reasonable, use its best efforts to comply with.

7. This Order is without prejudice to any party challenging any matters at the Final Hearing, and such rights and arguments are reserved. No provision contained herein is intended to or should be construed as a determination as to the validity, priority, or enforceability of any pre-petition lien or claim against Debtors or their property of their bankruptcy estates, the value of any of Debtors' property, or a waiver of the Debtors' rights to dispute any matters or claims.

8. The rights of the United States Trustee, creditors and parties-interest to object by the final hearing as described in his Response are reserved.

9. The Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the terms or implementation of this Order.

/ / /

/ / /

Garman Turner Gordon LLP
7251 Amigo St., Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**IT IS SO ORDERED.**

Prepared and Submitted by:

GARMAN TURNER GORDON LLP

By: ___/s/ *Teresa Pilatowicz*___
    GREGORY E. GARMAN, ESQ.
    TERESA M. PILATOWICZ, ESQ.
    MARY LANGSNER, PH.D.
    7251 Amigo Street, Suite 210
    Las Vegas, Nevada 89119
    [Proposed] *Attorneys for Debtor*

| PETER C. ANDERSON UNITED STATES TRUSTEE | SCHWARTZ LAW, PLLC |
|---|---|
| By: */s/ Justin Valencia*<br>    JUSTIN C. VALENCIA, ESQ.<br>    Trial Attorney for the United States | By: */s/ Samual Schwartz*<br>    SAMUAL A. SCHWARTZ, ESQ<br>    GABRIELLE A. HAMM, ESQ.<br>    601 E. Bridger Avenue<br>    Las Vegas, Nevada 89101<br><br>-and-<br><br>KENNETH J. OTTAVIANO, ESQ.<br>WILLIAM J. DORSEY, ESQ.<br>STEPHANIE K. HOR-CHEN, ESQ.<br>444 West Lake Street, Suite 1650<br>Chicago, IL 60606<br><br>*Attorneys for Aequum Capital Financial II, LLC* |

## LR 9021 CERTIFICATION:

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below.

Stephanie K. Hor-Chen, Esq.              APPROVED
*Attorney for Aequum Capital*
*Financial II, LLC*

Samuel Schwartz, Esq.                    APPROVED
*Attorney for Aequum Capital*
*Financial II, LLC*

Justin Valencia, Esq.                    APPROVED
*Attorney for U.S.Trustee- LV- 11*

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###