

Honorable Natalie M. Cox
United States Bankruptcy Judge

Entered on Docket
November 18, 2025

_____

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN, ESQ.
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
TERESA M. PILATOWICZ, ESQ.
Nevada Bar No. 9605
E-mail:  tpilatowicz@gtg.legal
MARY LANGSNER, Ph.D.
Nevada Bar No. 13707
E-mail: mlangsner@gtg.legal
7251 Amigo Street, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
[Proposed] *Counsel to the Debtors*

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: 25-16701-nmc |
| COLORART, LLC, | Chapter 11 |
| Debtor. | Date:   November 13, 2025<br>Time:   11:30 a.m. |

### ORDER DIRECTING JOINT ADMINISTRATION OF DEBTORS' CHAPTER 11 CASES UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 1015(B)

The Debtors in each of their Chapter 11 Cases submitted an *Emergency Motion for Order Directing Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)* [in this case, ECF No. 11] ("Motion") on November 7, 2025.[1]

---

[1] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

The Motion came on for hearing before the above-captioned Court on November 13, 2025, at 11:30 a.m. (the "Hearing"). Debtors appeared by and through their proposed counsel, the law firm of Garman Turner Gordon LLP, and all other appearances were noted on the record at the Hearing.

The Court having read and reviewed the Motion, and the other papers, pleadings, and declarations filed in support of and response to the Motion, as well as the papers and pleadings on file in the Chapter 11 Cases and all other matters identified by the Court at the Hearing, including the United States Trustee's Response and Reservation of Rights (the "Response") [ECF No. 74]; and the Court having also heard the oral argument of those who appeared on the record at the Hearing; it appearing and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances surrounding these Chapter 11 Cases and no other or further notice need be provided; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and based upon the findings of fact and conclusions of law placed on the record at the Hearing, which are hereby expressly incorporated pursuant to Fed. R. Bankr. P. 9014(a) and (c) and 7052, and after due deliberation, and good cause appearing therefor:

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that:

1. The Motion is granted in its entirety.

2. Each of the Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered in accordance with Bankruptcy Rule 1015(b).

3. The Chapter 11 Cases shall be jointly administered by this Court under Lead Case No. 25-16697-nmc.

4. The caption of the jointly administered Chapter 11 Cases shall read as set forth on **Exhibit A** attached hereto.

5. A docket entry shall be made on the dockets of *In re Las Vegas Color Graphics, Inc.*, Case No. 25-16697 and *In re ColorArt, LLC*, Case No. 25-16701, and read substantially as follows:

> An Order has been entered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the Las Vegas Color Graphics, Inc. and ColorArt, LLC Chapter 11 Cases. The docket in **Case No. 25-16697** shall be consulted for all matters affecting this case. All further pleadings, motions, and other papers shall be filed in, and all further docket entries shall be made in **Case No. 25-16697.**

6. Debtors shall maintain one consolidated docket, service list, and file.

7. Within 14 days of entry of this Order, under Local Rule 1015(g)(2) Debtors must file with the court a combined matrix, without duplication, constituting a total mailing list of all interested parties in all the jointly administered cases.

8. Each Debtor must file separate monthly reports on a non-consolidated and nonconsolidating basis consistent with any requirements set forth by the United States Trustee, under Bankruptcy Rule 2015(a) and Local Rule 2015.4(a)(2).

9. All parties shall use each Debtor's respective case number and the proof of claim number when identifying a proof of claim filed in the Chapter 11 Cases.

10. Neither the Motion nor this Order shall be construed as affecting a substantive consolidation of the Debtors' Chapter 11 Cases or their estates.

11. This Order shall be effective and enforceable immediately upon its entry.

/ / /

/ / /

12. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED**.

PREPARED AND SUBMITTED BY:

GARMAN TURNER GORDON LLP

By: */s/ Teresa Pilatowicz*
   GREGORY E. GARMAN, ESQ.
   TERESA M. PILATOWICZ, ESQ.
   MARY LANGSNER, PH.D.
   7251 Amigo Street, Suite 210
   Las Vegas, Nevada 89119
   [Proposed] *Counsel to the Debtor*

PETER C. ANDERSON UNITED STATES TRUSTEE

By: */s/ Justin Valencia*
   JUSTIN C. VALENCIA, ESQ.
   Trial Attorney for the United States

SCHWARTZ LAW, PLLC

By: */s/ Samuel Schwartz*
   SAMUEL A. SCHWARTZ, ESQ
   GABRIELLE A. HAMM, ESQ.
   601 E. Bridger Avenue
   Las Vegas, Nevada 89101

   -and-

   KENNETH J. OTTAVIANO, ESQ.
   WILLIAM J. DORSEY, ESQ.
   STEPHANIE K. HOR-CHEN, ESQ.
   444 West Lake Street, Suite 1650
   Chicago, IL 60606

   *Attorneys for Aequum Capital Financial II, LLC*

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court waived the requirement of approval under LR 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☒      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

Stephanie K. Hor-Chen, Esq.          APPROVED
*Attorney for Aequum Capital Financial II, LLC*

Samuel Schwartz, Esq.          APPROVED
*Attorney for Aequum Capital Financial II, LLC*

Justin Valencia, Esq.          APPROVED
*Attorney for U.S.Trustee- LV- 11*

☐      I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

# EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re: | Lead Case No.:25-16697-nmc |
|---|---|
| LAS VEGAS COLOR GRAPHICS, INC., | Chapter 11 |
| ☐ AFFECTS LAS VEGAS COLOR GRAPHICS, INC. | *Jointly administered with:* |
| ☐ AFFECTS COLORART, LLC | ColorArt, LLC<br>Case No. 25-16701-nmc |
| ☐ AFFECTS BOTH DEBTORS | Hearing Date:<br>Hearing Time: |
| Debtors. | |